**NATIONAL LABOR RELATIONS BOARD, Petitioner, Cross–Respondent,**

**Amalgamated Clothing and Textile Workers Union, AFL–CIO, Intervenor,**

v.

**DYNATRON/BONDO CORPORATION, Respondent, Cross–Petitioner.**

**No. 92–8295.**

United States Court of Appeals, Eleventh Circuit.

May 28, 1993.

Aileen M. Armstrong, N.L.R.B., Charles Donnelly, William S. Franklin, Washington, DC, for petitioner.

Walter O. Lambeth, Jr., Elarbee, Thompson & Trapnell, Atlanta, GA, for respondent.

Robert S. Giolito, Stanford, Fagan & Giolito, David M. Prouty, William S. Richardson, Atlanta, GA, for intervenor.

William S. Richardson, Stanford, Fagan & Giolito, Robert S. Giolito, Atlanta, GA, David M. Provty, New York City, for intervenor Amalgamated Clothing & Textile.

Before TJOFLAT, Chief Judge, BLACK, Circuit Judge, and JOHNSON, Senior Circuit Judge.

PER CURIAM:

The National Labor Relations Board (Board or NLRB) maintains that an employee, whose discharge is the subject of an unfair labor practice proceeding, is entitled to serve as a union representation election observer because he is considered an employee while such proceeding is pending. *Kellwood Co.*, 299 N.L.R.B. 1026, 1029 (1990). In this case, a discharged employee of the Dynatron/Bondo Corporation (Dynatron) served as an election observer after his unfair labor practice proceeding was dismissed, but before the time for taking an appeal had expired. Claiming that the observer was illegitimate, Dynatron refused to recognize the election as valid. The Board ordered Dynatron to bargain with the union that prevailed in the election. We find that the Board's determination is not arbitrary, and therefore enforce its order.*

## I.

The election in this case was conducted pursuant to an agreement reached between Dynatron and the Amalgamated Clothing and Textile Workers Union, AFL–CIO (the Union) on August 7, 1989. The agreement provided that "nonsupervisory employees" would serve as the election observers. Troy Turner, who had been discharged by Dynatron, was one of the observers. Turner's unfair labor practice charge challenging his discharge was pending, thus making him eligible to observe the election. *See Kellwood Co.*, 299 N.L.R.B. at 1029; *Soerens Motor Co.*, 106 N.L.R.B. 1388, 1389–90 (1953).

The election took place on September 8, 1989, and Turner participated as an observer. Turner did so despite Dynatron's protest to the NLRB representative supervising the election. Dynatron argued that Turner could not participate in the election because the Board's Regional Director had dismissed Turner's unfair labor practice charge the previous day. According to Dynatron, the dismissal terminated the grievance proceedings and, as a consequence, rendered Turner ineligible to observe the election.

Because the Board sustained the Regional Director's dismissal of Turner's unfair labor charge, his vote did not count in the total. Without counting Turner's vote, the Union won the election by a single ballot. Dynatron promptly contested the election, contending that Turner's involvement in the election tainted its results. The Board's Re-

---

* In enforcing the Board's order, we necessarily reject Dynatron's claim, asserted in its cross-petition for review of the Board's decision, that it does not have to recognize the Union because the election was unlawful.

gional Director, after investigating the matter, recommended that the Board overrule Dynatron's objection and certify the Union. The Board adopted and implemented the recommendation. Dynatron nevertheless refused to recognize the Union.

On July 7, 1991, the Union filed an unfair labor practice charge against Dynatron claiming that it had refused to bargain in violation of section 8(a)(1) of the National Labor Relations Act (NLRA), 29 U.S.C. § 158(a)(1) (1988). Dynatron responded that it had no duty to bargain because the election was invalid. On November 8, 1991, the NLRB found that Dynatron had violated section 8(a)(1) and ordered it to recognize and bargain with the Union. Dynatron refused to do so, and the Union initiated this enforcement proceeding.

## II.

■ The NLRB enjoys wide discretion to determine whether employee elections have been fairly conducted, and those determinations "warrant special respect on review." *M & M Supermarkets, Inc. v. NLRB*, 818 F.2d 1567, 1573 (11th Cir.1987). The Supreme Court has made clear that "it is of paramount importance that courts not encroach upon this exclusive power of the Board if effect is to be given the intention of Congress to apply an orderly, informed and specialized procedure to the complex, administrative problems arising in the solution of industrial disputes." *NLRB v. Waterman Steamship Corp.*, 309 U.S. 206, 208, 60 S.Ct. 493, 495–96, 84 L.Ed. 704 (1940). In reviewing the Board's decision that Turner was an eligible "employee" to observe the election, therefore, we look to whether the NLRB's determination "is arbitrary or contrary to law." *Certainteed Corp. v. NLRB*, 714 F.2d 1042, 1052 (11th Cir.1983) (citing *Charles D. Bonanno Linen Serv. v. NLRB*, 454 U.S. 404, 413, 102 S.Ct. 720, 725, 70 L.Ed.2d 656 (1982)). We find that the Board's decision was not arbitrary.

In other contexts, the NLRB has found that an unfair labor practice charge remains "pending" between the time a Regional Director rejects a claim and the filing of a timely appeal. *See Fluid Packaging Co.,* 247 N.L.R.B. 1469 n. 1 (1980) (permitting general counsel to amend the complaint), *enforced,* 649 F.2d 860 (3d Cir.1981); *Swift Serv. Stores,* 169 N.L.R.B. 359, 361 (1968) (permitting party to file a motion for reconsideration). The dismissal of a charge in no way extinguishes the pendency of the claim if it is timely appealed. Thus, we agree with the NLRB that a claim should be considered "pending" in this case as well.

■ Dynatron nevertheless questions the wisdom of a rule that permits an employee who is ineligible to vote in the election to serve as an election observer. Its argument simply mixes apples and oranges. The consideration of "employment" for purposes of voting eligibility and "employment" for purposes of observing the election looks at the question from different perspectives. The former looks *ex post* to the status of the employee on the day of the election after a determination of the employee's claims have been made. The latter looks *ex ante* at the employee's status on the day of the election by asking if a charge was "pending." Election officials may later count an employee's ballot if the employee's labor charge is successful; there is no such later remedy available for unions seeking to use discharged employees as observers. In sum, it is possible, as in this case, that a discharged employee may be not eligible to vote in the election, but be eligible to observe the election.

## III.

Because the NLRB ultimately dismissed Turner's unfair labor practice charge, his vote could not count in the total. Because the charge was "pending" when the election occurred, however, he could serve as an election observer. The Board's decision merits enforcement. Accordingly, it is

ENFORCED.