[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 03-16340

_____

NLRB No. 12-CA-23237

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 18, 2005
THOMAS K. KAHN
CLERK

NATIONAL LABOR RELATIONS BOARD,

                                        Petitioner-Cross Respondent,

    versus

STREICHER MOBILE FUELING, INC.,

                                        Respondent-Cross-Petitioner.

_____

Application for Enforcement of an Order of the
National Labor Relations Board

_____

(April 18, 2005)

Before EDMONDSON, Chief Judge, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Claiming election fraud, Appellant Streicher Mobile Fueling, Inc. ("Streicher"), appeals the National Labor Relations Board's ("NLRB" or "Board") order forcing it to negotiate with a newly certified union. We uphold the decision of the NLRB.

## BACKGROUND

The parties do not dispute the underlying facts of this case. Streicher owns and operates a fleet of fuel trucks in Orlando, Florida. In October 2002, Streicher employed thirteen drivers who were eligible to vote in a labor election to determine whether the drivers would organize as part of the Teamsters union. The vote took place on 26 November 2002, and the employees voted seven to six for unionization.

Shortly before the election, the Teamsters mailed each of Streicher's drivers two pieces of mail in a Teamster-labeled envelope. The first document was unmistakable union propaganda: an image of a wolf in sheep's clothing with the heading "Beware of Management's Tricks." The second was an counterfeit NLRB

sample ballot in English and Spanish. The sample ballot did not include the official disclaimer, and it had the "yes" box (for unionization) cleanly marked. It also contained the NLRB's official seal.

Based on this mailing, Streicher challenged the election. It argued that the union unfairly influenced the election by altering the ballot to give the impression that the NLRB endorsed unionization. A NLRB Hearing Officer recommended overruling Streicher's objections on 2 April 2003. The NLRB summarily adopted the Hearing Officer's recommendation on 3 June 2003.

Thereafter, Streicher refused to negotiate with the union; and the union filed a charge against Streicher with the NLRB. Based on the union's charge, the NLRB General Counsel filed a complaint with the NLRB. On 31 October 2003, the NLRB entered summary judgment against Streicher, concluding that it engaged in unfair labor practices. Streicher appeals the NLRB's order compelling it to negotiate with the union.

## STANDARD OF REVIEW

We uphold the NLRB's legal conclusions if they are not "arbitrary or contrary to law," NLRB v. Dynatron/Bondo Corp., 992 F.2d 313, 315 (11th Cir.

1993). Accord Visiting Nurse Health Sys., Inc. v. NLRB, 108 F.3d 1358, 1360 (11th Cir. 1997) (upholding decisions that have "a reasonable basis in law"). The Board's findings of fact are consider conclusive if "supported by substantial evidence on the record considered as a whole. . . . Put differently, we must decide whether on this record it would have been possible for a reasonable jury to reach the Board's conclusion." NLRB v. Dynatron/Bondo Corp., 176 F.3d 1310, 1313 (11th Cir. 1999) (citing Allentown Mack Sales & Serv., Inc. v. NLRB, 118 S. Ct. 818 (1998)). Because this case involves a union election, the NLRB is entitled to even broader discretion; its "determinations 'warrant special respect on review.'" Dynatron/Bondo Corp., 992 F.2d at 315 (citations ommitted). "[N]o area is more within the expertise of the Board" than this. Certainteed Corp. v. NLRB, 714 F.2d 1042, 1047 (11th Cir. 1983) (citations omitted). But, close elections are reviewed more carefully than others. NLRB v. Klinger Elec. Corp., 656 F.2d 76, 85 (5th Cir. Unit A 1981).[1]

---

[1] Cases from the United States Court of Appeals for the Fifth Circuit that were decided before 30 September 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

# DISCUSSION

We must determine whether a reasonable jury could agree with the hearing officer's finding that Streicher's employees would have known the ballot mailed by the Teamsters was altered, and whether the NLRB's subsequent decision to uphold the election results had a reasonable basis in law. We answer both questions affirmatively.[2]

A reasonable jury could agree with the Hearing Officer's finding that reasonable employees would know the NLRB was neutral in the election. See SDC Investment, Inc., 274 NLRB 556, 557 (1985) (defining dispositive inquiry in representation cases as whether reasonable employees could believe the Board favored an electoral outcome). The actual ballots used by the NLRB contain a disclaimer explaining that any markings thereon are not from the Board.[3] For additional clarity, employers are required to post the the Board's official Notice of

---

[2] Streicher appeals the October NLRB decision. There, the Board did not examine the validity of the 2002 election, deciding that "all representation issues . . . were or could have been litigated in the prior representation proceeding." Streicher Mobile Fueling, Inc., 340 NLRB No. 116 (2003). But, Streicher followed the correct procedure because "[r]epresentation proceedings are not subject to direct review by this court." Klinger Elec. Corp., 656 F.2d at 80 n.2.

[3] The disclaimer reads: "Warning: This is the only official notice of the election and must not be defaced by anyone. Any markings that you see on any sample ballot or anywhere on this Notice have been made by someone other than the NLRB. The NLRB is an Agency of the United States Government and does not endorse any choice in the election."

5

Election, which also contains the disclaimer, "in conspicuous places at least 3 full working days" before election day. 29 C.F. R. § 103.20(a).[4] The NLRB has said that the disclaimer removes any "reasonable impression that the Board favors or endorses any choice in the election." Brookville Healthcare Ctr., 312 NLRB 594 (1993).

Here, the Hearing Officer concluded that the disclaimer alleviated potential confusion about the Board's neutrality. The Hearing Officer heard testimony about a common room where drivers regularly pick up their assignments; the notice was posted there. Though the Hearing Officer did not cite this testimony in his recommendation, we review the record as a whole to determine whether substantial evidence supports the Board's (and, therefore, the hearing officer's) findings. Visiting Nurse Health Sys., Inc. v. NLRB, 108 F.3d 1358, 1360 (11th Cir. 1997).

In this case, the Teamsters removed the disclaimers from the adulterated ballots it mailed Streicher employees. That fact is not dispositive, Dakota Premium Foods, 335 NLRB 228 n.2 (2001) (deciding that the disclaimer did not have to appear on all written campaign propaganda), at least in part because the

---

[4]    We must presume Streicher followed the regulation, because it would be estopped from objecting to a failure to post the Notice in this appeal. 29 C.F. R. § 103.20(c).

6

disclaimer was still published in the workplace.  And, it appears that NLRB precedent reasonably permits elections to go forward if employees had some access to the disclaimer.  Id.  Accordingly, the Hearing Officer's finding was supported by evidence; and Streicher has not shown that the NLRB abused its discretion by adopting that finding.

We acknowledge that the Board issued a different ruling shortly after it ruled against Streicher here.  See Sofitel San Francisco Bay, 343 N.L.R.B. No. 82 (2004).  The Sofitel decision does not mean that the Board abused its discretion at the time it made its decision here.  The decision of the Board is, therefore,

**AFFIRMED.**